IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**ASSAIGAI ANALYTICAL**
**LABORATORIES, INC.**

       **Plaintiff,**

       **vs.**                                  **CIV. No. 97-1212 JP/LFG**

**UNITED PARCEL SERVICE,**

       **Defendant.**

**MEMORANDUM OPINION AND ORDER**

The Subject of this Memorandum Opinion and Order is Defendant's Motion for Summary Judgment (Doc. No. 11), filed February 17, 1998.  For the reasons set forth below, I conclude Defendant's Motion should be granted.

Plaintiff Assaigai Analytical Laboratories, Inc. ("Assaigai") filed a claim against the United Parcel Service ("UPS") under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.  Plaintiff seeks actual damages of approximately $23,000.00 that occurred when Plaintiff shipped a valuable piece of equipment using UPS.  Defendant admits that it shipped the equipment, but contends that it has successfully limited its liability under the provisions of the Carmack Amendment to $100.00.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no "genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The evidence and any permissible inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Carmack Amendment creates a national policy regarding an interstate carrier's liability for property loss. To limit its liability under the Amendment, the Defendant, as the carrier, has the burden of establishing that it has satisfied each requirement of a four-prong test. This test is set forth in Norton v. Jim Phillips Hose Transp., Inc., 901 F.2d 821, 827 (10th Cir. 1989):

> A carrier may limit its liability by taking four steps: (1) maintain a tariff within the prescribed guidelines of the Interstate Commerce Commission; (2) obtain the shipper's agreement as to his choice of liability; (3) give the shipper a reasonable opportunity to choose between two or more levels of liability; and (4) issue a receipt or a bill of lading prior to moving the shipment.

Id. (citations omitted).[1] The parties only dispute the second of the four requirements of the Carmack Amendment – whether Defendant obtained Plaintiff's agreement as to its choice of liability.

UPS requires that shippers fill out a shipping record. Unless the shipper declares in writing that the value of a package exceeds $100 and pays an excess valuation fee, the shipper releases UPS from liability for damages in excess of $100. Plaintiff admits to knowing that it was necessary to declare a package's excess value on the shipping record, and concedes that it did not declare any excess value on the shipping record for October 25, 1996.

Plaintiff relies on Anton v. Greyhound Van Lines, Inc., 591 F.2d 103 (5th Cir. 1978), which states that a shipper must make an "absolute, deliberate, and well-informed" choice of liability. Id. at 108. Plaintiff claims that it intended to declare an excess value of $20,000 for the package, but that Plaintiff's employee failed to do so because she felt hurried. Plaintiff's employee had in fact filled out a shipping record for the package with $20,000 entered for excess value, but had marked the incorrect day, October 24. Defendant's employee noted this mistake, and Plaintiff's employee filled

---

[1] As a result of a change in the statutory framework for carriers, the first prong of the Norton test has recently been modified. See Jackson v. Brook Ledge, Inc., 1997 WL 823646 at *5 (E.D. Ky., Dec. 17, 1997).

2

out another form with the correct day, neglecting to fill in the excess value amount on the new form.

Plaintiff claims that this mistake occurred because Plaintiff felt rushed, as the pick-up occurred past

five o'clock in the afternoon. Plaintiff argues that because its employee was rushed the choice of

liability was not "absolute, deliberate and well-informed" and, therefore, Defendant did not obtain

Plaintiff's agreement as to choice of liability.

Plaintiff's arguments are without merit. A shipper must be given a reasonable notice and opportunity to contract regarding liability for damage to its goods. The Tenth Circuit has stated that a written agreement, such as a signed bill of lading that unambiguously states the terms of the carrier's responsibility for loss or damage, binds the shipper to the terms of the agreement and ensures that the shipper is making an absolute, deliberate, and well-informed choice. See Norton v. Jim Phillips Horse Transp., Inc. 901 F.2d 821, 825 (10th Cir. 1989) (internal quotations and citations omitted). In addition, shippers are charged with knowing the terms and conditions pertaining to the carrier's liability. Id., 901 F.2d at 824. This presumption becomes stronger when the shipper is experienced. Id., 901 F.2d at 830.

In this case Plaintiff was an experienced shipper, having opened an account with UPS in 1987 and having shipped with UPS for years. The parties do not contend, and there is no evidence, that the terms of the shipping record were ambiguous or that Defendant was attempting to defraud or mislead Plaintiff as to its choice of liability. Despite the fact that Plaintiff claims its employee felt rushed, Plaintiff presents no evidence that the UPS employee did, in fact, rush Plaintiff's employee, or fail to give her additional time to review and correct the shipping record. "One who signs a contract in the absence of fraud or deceit cannot avoid it on the grounds that he did not read it or that he took someone else's word as to what it contained." Hughes v. United Van Lines, Inc., 829 F.2d 1407,

...

1417 (7th Cir. 1987).

Plaintiff argues that the mistake was not unilateral because Defendant's employee, after having pointed out the initial mistake regarding the date, did not check the new forms to make sure the other sections had been properly filled out. Plaintiff also claims that the mistake was not unilateral because its employee was not the usual employee to ship items, had made mistakes filling out UPS forms in the past, and had previously received assistance from UPS to ensure accuracy. However, it is not Defendant's responsibility to ensure that Plaintiff properly limited its liability. The law merely requires that the carrier provide the shipper with a clear option to limit liability and reasonable notice of this opportunity. That was done here by Defendant's shipping notice. See Norton, 901 F.2d at 825. Furthermore, as Plaintiff's agent, Plaintiff's employee had the authority to sign the shipping notice for Plaintiff and thus bind Plaintiff to its terms. See, generally, Norton, 901 F.2d at 828-829.

Plaintiff was aware of its option to limit liability, but mistakenly failed to do so. "[M]istake will not save an experienced shipper from the deal that he has struck." Norton, 901 F.2d at 830.

Therefore, it is ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 11) will be GRANTED.

_____
UNITED STATES DISTRICT JUDGE